John M. JACKSON
vs.
BOSTON RENT CONTROL
ADMINISTRATION

Civ. A. No. 10312

Housing Court Department
Trial Court of the
Commonwealth of Massachusetts

July 7, 1980

John Jackson, pro se, for the plaintiff.
Russell Fanara for the defendant.

## MEMORANDUM OF DECISION

The plaintiff seeks judicial review of a determination that three properties in which he is "interested" are subject to Chapter 15 of the Ordinances of the City of Boston. The three properties are: 3 Arcadia Street, a free-standing, one-family residence; #2 Arcadia Street, conveyed by the plaintiff's wife on February 7, 1980 for $1.00 to Jonathan M. Jackson, the plaintiff's son;

and #1 Arcadia Street, also conveyed on February 7, 1980 by the plaintiff's wife to their daughter for $1.00. The properties now standing in the name of the plaintiff's children, namely nos. 1 and 2 Arcadia Street, consist of two rental units each. The two buildings are physically connected along one wall. See Exhibits 1 and 2, and it seems from the recitals in the deeds to have had a common title at one time.

The plaintiff contends that since no building contains more than two dwelling units, and each is separately owned, they are all exempt from rent control. Counsel for the Board agrees as to the single-family residence but argues that as to nos. 1 and 2 Arcadia Street, the following definition in the Ordinance controls (Section 1 (e)(ii): ". . . two or more adjoining buildings or structures under common legal or beneficial ownership shall constitute a single building or structure for this purpose; . . ."

Thus the case calls for a definition of "beneficial ownership" as it is used in the Ordinance.

The United States Supreme Court in defining the expression, "beneficial use or beneficial ownership or interest" in property, said it means:

"such a right to its employment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized by law, and can be enforced by the courts, at the suit of such owner or of someone on his behalf." **Catholic Missions v. Missoula County**, 26 S. Ct. 197, 200 (1906). See also, **Christiansen v. Department of Social Security**, 131 P. 2d 189, 191 (1942).

In the case at bar, the two adjoining buildings in question at 1 and 2 Arcadia Street, Jamaica Plain, are legally owned by Janine E. and Jonathan M. Jackson, respectively. Janine and Jonathan are the 20-year-old daughter and 10-year-old son of John M. Jackson, the plaintiff. Both children are financially dependent on their parents for income tax purposes. Although legal title is in their names, their mother, Elsa A. Jackson, who conveyed the buildings for $1.00 each and love and affection, manages the properties, collects the rents, pays the taxes and mortgage, provides for repairs, and places the residual income into a trust set up for the children's education. She acquired title in December, 1979 from the plaintiff "for tax purposes".

Both parents control the property as far as all management decisions are concerned, and pursuant to City of Boston, Ordinances of 1975, Chapter 15, § 1(g), they are thus accorded the rights and duties of the landlord of said property for purposes of the Ordinance:

"(g) . . . for purposes of this ordinance, the rights and duties of the landlord hereunder shall be the obligation of anyone who manages, controls, or customarily accepts rent on behalf of the landlord."

The rights and duties of the landlord include the power to bring an action for possession of any of the rental units within limits set by the Rent Control Board. This power to bring suit can be construed as concomitant with the criterion for beneficial ownership cited above, from **Catholic Missions v. Missoula County, supra.**

Pursuant to § §9 and 10 of the Rent Control Board Ordinances, the landlord is potentially liable in suits brought by tenants for civil or criminal violations of the ordinances. Thus, the interest enjoyed by the Jackson parents in the property in question is one which "is recognizable by law and can be enforced by the courts." **Catholic Missions, supra.**

Considering the mutual benefit to the entire Jackson family accruing from their ownership and management of the property, it seems reasonable to conclude that the property satisfies the definition of "two or more adjoining buildings or structures under common legal or beneficial ownership", which brings them within the purview of the Rent Control Board Administration. City of Boston Ordiances of 1975, Chapter 15, § 1(3)(ii).

It is of interest that the plaintiff brings this appeal in his own name as to all three parcels, and not in the name or on behalf of the "legal owner" of nos. 2 and 3. In interpreting the language of this ordinance, it is necessary to consider established

methods of statutory construction.

"Statutes must be construed, where capable, so as to constitute a harmonious whole consistent with the legislative purpose disclosed in the . . . act. Such purpose is to be gleaned from the reasons, where ascertainable, leading to the legislation, from the nature of the subject matter, from the supposed evil to be corrected, and from the objective sought to be 'attained'. **Mathewson v. Contributory Retirement Appeal Bd.** 335 Mass. 610 614-615, etc."; **Chief of Police of Dracut v. Dracut,** 357 Mass. 492, 499 (1970); **Labor Relations Commission v. Bd. of Selectman of Dracut,** 1979 Mass. Adv. Sh. 657, 662; **Edward D. Rough v. Director of Div. of Employment Security,** 1979 Mass. Adv. Sh. 732, 735.

The intent, purpose, and circumstances prompting the passage of this ordinance are set out in its first three paragraphs, which state that a public emergency exists due to the shortage of reasonably priced housing accomodations. In order to meet this emergency, it is the stated purpose of this legislation to regulate and control the rental increases and evictions of tenants in the City of Boston.

"Legislation enacted for the purpose of alleviating grave conditions . . . are deserving of a generous interpretation so that their remedial purposes may be accomplished." Sutherland, **Statutes and Statutory Construction** (4th Ed.), §71.12 at 362, 363. See, **City of Boston v. Hospital Transp. Services, Inc.** 1978 Mass. App. Adv. Sh. 329, 333; **Industrial Finance Corp. v. State Tax Commission,** 367 Mass. 360, 364 (1975). If the term "beneficial owner" is construed narrowly, according to the plaintiff in this case, the result would undermine the intent and purpose of the ordinance. It would become a simple matter for landlords to obtain an exemption from the reach of rent control by characterizing their apartments as independent condominium units, and then transferring title to each of their children, thus producing independent ownership. This narrow construction would severely limit the scope and effect of the Rent Control Board's authority, thus thwarting the objective of the ordinance.

In the light of the foregoing, a judgment is to enter that No. 3 Arcadia Street is exempt from the Boston Rent Control Ordinances, but that the decision of the Boston Rent Control Board dated March 18, 1980 as to numbers 1 and 2 Arcadia Street was lawful and valid and numbers 1 and 2 Arcadia Street are subject to Chapter 15 of the Boston Ordinances of 1975.

For a recent case involving the use of the word "adjoining", see, **Sturgis v. Chilmark,** 1980 Mass. Adv. Sh. 815, 830. "The word may have different contexts." See also, **Xtra Inc. v. Commission of Revere,** 1980 Mass. Adv. Sh. 849, 851-855.

**Lawrence D. Shubow**
**Justice**